# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**CHRIS D. JONES**,

    **Plaintiff,**

v.                                                    Case No. 3:15-cv-07184

**FBI and US GOVT,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, Chris D. Jones ("Jones"), has filed an Application to Proceed Without Prepayment of Fees and Costs and a *pro se* civil rights complaint against the FBI and the United States of America. (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned recommends that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **DENIED**, that his complaint be **DISMISSED** for failure to state a claim, and that this matter be removed from the docket of the Court.

## I.    Relevant Background

On June 3, 2015, Jones filed the instant action, alleging that the defendants were harassing him and intruding on his life, and had been doing so for twenty-six years. (ECF No. 2 at 4). According to Jones, he has been on the Government's "blacklist" since 1989,

1

when he was accused of a rape that he did not commit. (*Id.* at 3, 8). Since then, the defendants have tracked, profiled, threatened, and attempted to harm Jones. Specifically, Jones claims the following:

1. In 2008, when he was driving a truck for a trucking company, the FBI planted a device on his vehicle that exploded, causing him to lose braking power. Jones was able to stop safely; however, the FBI later communicated with Jones through his television set, admitting to the attempt on his life and threatening to "try again." (*Id.* at 5).

2. In July 2009, the defendants buried a "thumper bomb" approximately twenty yards behind Jones's house "in an attempt to drive [him] insane." (*Id.* at 3).

3. Also in 2009, after Jones went to the ACLU for assistance, the defendants poisoned him on multiple occasions by putting bleach in his drinking water. He was also poisoned at the Waffle House in Huntington, and the defendants accepted responsibility for that poisoning. (ECF No. 2 at 6).

4. During a colonoscopy that Jones underwent at a Veterans Affairs Medical Center, the defendants inserted a tracking device in Jones's nasal cavity. (*Id.* at 4). A government agent known only as "Sparrow" has since confirmed that the tracking device is still implanted in Jones's nose. (*Id.*).

On August 8, 2015, Jones supplemented his complaint, making the following additional allegations:

5. In August 2009, the defendants sabotaged a test he was taking at the Collins Career Center, causing him to get an 80% score instead of 100%. The defendants ultimately engineered Jones's termination from the school.

6. Over the years, the defendants have spit in Jones's hair, fouled his food,

urinated in his coffee, and harassed him in all 45-50 jobs he has held. (ECF No. 4).

On December 11, 2015, Jones filed a second supplement to his complaint, alleging that in 2009, Jones's former next-door neighbor, who was also a government informant, brought two "young ladies" to West Virginia from Florida and is now using those ladies to torment Jones. Jones claims that he has two daughters he never knew existed, and the defendants are preventing him from seeing his children until he agrees to become "an official spook." (ECF No. 5). Jones alleges that his neighbor took photographs around Jones's home so that the NSA and FBI could create a profile that identifies Jones as a domestic terrorist. (*Id.*). Jones demands $50,000,000 in compensation. (ECF No. 2 at 4).

## II. Standard of Review

Under the provisions of 28 U.S.C. § 1915(e)(2)(B), a court must screen each case in which a person seeks to proceed *in forma pauperis* and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim when, accepting the plaintiff's well-pled allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility requires allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Consequently, the complaint must include "facts sufficient to state all the elements of [the plaintiff's] claim." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The United States Supreme Court further explained the "plausibility" standard in *Ashcraft v. Iqbal*, stating:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

3

>for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted). Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2nd Cir. 2007)). "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 678 (quoting Fed.R.Civ.P. 8(a) (2)). While the court is required to accept as true well-pled factual allegations, it need not accept legal conclusions that are "couched as ... factual allegation[s]," *Id.* at 678 (quoting *Twombly*, 550 U.S at 555), or conclusory factual allegations without reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979). Simply stated, conclusory allegations are not the same as "well-pled" facts and are not entitled to the assumption of truth. *Iqbal,* 556 U.S. at 679. In addition, "clearly baseless" claims, such as those that are "fanciful," "fantastic," or "delusional," may be dismissed as factually frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

In the context of a *pro se* complaint, such as the one filed in this civil action, the court must liberally construe the allegations. *Erickson v. Pardus,* 551 U.S. 89, 94 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint must contain sufficient factual allegations to support a cause of action that is cognizable in federal court. *Weller v. Department of Social Services,* 901 F.2d 387, 391

4

(4th Cir. 1990). The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Discussion</u>

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned conducted a review of Jones's complaint. Jones has filed a civil rights action against the FBI and the United States of America, both of which are immune from litigation unless they expressly consent to the lawsuit. *See Pollack v. FBI,* No. C.A.#2:02-2195-23, 2002 WL 32710129, at *3 (D.S.C. Aug. 19, 2002) (citing *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *see, also, Welch v. United States,* 409 F.3d 646, 650 (4th Cir.2005) ("As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity."); *and Hayes v. Fed. Bureau of Investigation*, 562 F. Supp. 319, 322 (S.D.N.Y. 1983) (holding that an action against the FBI for money damages is essentially an action against the United States and is barred by sovereign immunity unless waived). A waiver of immunity "must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires." *Kaplan v. James*, 25 F.Supp.3d 835, 838 (E.D. Va. 2014) (citing *United States v. Nordic Village, Inc.,* 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992)). Neither the United States, nor the FBI, has expressly waived its immunity from the claims asserted in this lawsuit.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* the Supreme Court implied a cause of action against federal agents for violations of the Constitution. *Bivens,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However,

5

the Supreme Court has explicitly declined to extend that holding to agencies of the United States. *See FDIC v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Jones has failed to name any individual agent or employee as a defendant in this case. Therefore, the undersigned **FINDS** that the United States and the FBI are not proper defendants in an action seeking money damages for constitutional violations. Thus, Jones's complaint against them should be dismissed. *See Snider v. United States*, No. CIV. A. 3:07-0335, 2008 WL 346382, at *2 (S.D.W. Va. Feb. 6, 2008).

To the extent Jones asserts legal claims that do not amount to constitutional violations, but rather are tortious in nature, his complaint may arguably fall under the Federal Tort Claims Act ("FTCA"), which waives the sovereign immunity of the United States in certain circumstances. *Id.* However, in order to sue under the FTCA, Jones must strictly comply with its requirements. *Welch v. United States*, 316 F. Supp. 2d 252, 254 (D. Md. 2004) *aff'd,* 409 F.3d 646 (4th Cir. 2005) ("While the FTCA effects a waiver of sovereign immunity, the waiver is subject to strict limitations, and those limitations are considered jurisdictional.") The FTCA mandates that before a lawsuit may be initiated against the United States, an administrative claim (Standard Form 95) must be filed with the proper agency, and the agency must issue a final denial of the claim. 28 U.S.C. § 2401(b); 28 C.F.R. § 14.2. Jones's obligation to file Standard Form 95 and exhaust administrative remedies "is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). Jones does not allege that he submitted Standard Form 95 to any agency, or that any agency issued a final denial of his claim. Therefore, the undersigned **FINDS** that, given Jones's failure to exhaust his administrative remedies, this Court has no jurisdiction over any claim cognizable under the FTCA.

Finally, Jones's complaint should be dismissed because he fails to state a plausible claim. As previously indicated, the plausibility standard requires more than a mere possibility that a defendant has acted unlawfully. Moreover, conclusory allegations do not provide the "well-pled" factual basis necessary to support a cause of action. Jones's complaint contains nothing more than speculative and fanciful allegations, which are frankly insufficient to withstand initial review. *See, e.g. Brock v. Angelone,* 105 F.3d 952, 953-54 (4th Cir. 1997); *Turner v. U.S. Navy,* 793 F.Supp. 679 (E.D. Va. 1992); *Taylor v. Obama Admin.*, No. CIV.A. RDB-10-2214, 2010 WL 3276915 (D. Md. Aug. 17, 2010). Consequently, the undersigned **FINDS** that Jones's complaint should also be dismissed as frivolous.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED**;

2. Plaintiff's Complaint be **DISMISSED** for failing to state a claim for which relief may be granted, (ECF No. 2); and

3. This action be removed from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this

"Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** December 18, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge